CHARLEY KLINK, as Executor of the Last Will and Testament of Christine Klink, Deceased, Appellant, v. JAMES KELLY, as Sheriff of Barnes County, North Dakota, Respondent.

(167 N. W. 220.)

**Executor — suit by — personal property — value of — judgment against son — property sold under execution on — insolvency of son — transfer of personalty — actual and continued change of possession — void transfer as to creditors.**

Plaintiff sues as the executor of Christine Klink to recover the value of a threshing-machine outfit which was purchased by her son Christ Klink and sold under an execution against his property. The son was insolvent. The aged mother had no use for a threshing machine. She never used it. The transfer was not followed by an actual and continued change of possession. *Held,* that as against creditors the alleged transfer was void.

Opinion filed February 27, 1918.

Appeal from the judgment of the District Court of Barnes County, Honorable *J. A. Coffey,* Judge.

Plaintiff appeals.

Affirmed.

*A. P. Paulson,* for appellant.

The title to personal property sold or exchanged passes to the buyer whenever the parties agree upon a present transfer of the thing itself, identified, whether it is separated from other things or not. Comp. Laws 1913, § 5535; O'Keefe v. Leistikow, 14 N. D. 355, 104 N. W. 515, 9 Ann. Cas. 25.

After proof has been introduced to show a fraudulent combination on the part of the vendor and the vendee to defraud the creditors of the vendor, then the statements of the vendor, in the absence of the vendee, tending to defeat the title of the vendee, may be offered. O. S. Paulson Mercantile Co. v. Seaver, 8 N. D. 217, 77 N. W. 1001; Hartman v. Diller, 62 Pa. 37; Pier v. Duff, 63 Pa. 59; Cuyler v. McCartney, 33 Barb. 165; Boyd v. Jones, 60 Mo. 454; Hutchings v. Castle, 48 Cal. 152.

Declarations to third persons by a vendor of property after the delivery and sale thereof has been consummated are admissible against the vendee to impair the latter's title. Orr & L. Shoe Co. v. Needles, 15 C. C. A. 142, 32 U. S. App. 410, 67 Fed. 990; Zobel v. Bauersachs, 55 Neb. 20, 75 N. W. 43; Winchester & P. Mfg. Co. v. Creary, 116 U. S. 161, 29 L. ed. 591, 6 Sup. Ct. Rep. 369; Kurtz v. St. Paul & D. R. Co. 61 Minn. 18, 63 N. W. 1; Milling v. Hillenbrand, 156 Ill. 310, 40 N. E. 941; Williams v. Eikenberry, 25 Neb. 721, 13 Am. St. Rep. 517, 41 N. W. 770; Howland v. Fuller, 8 Minn. 50, Gil. 30; Zimmerman v. Lamb, 7 Minn. 421, Gil. 336; Benson v. Lundy, 52 Iowa, 265, 3 N. W. 149; Allen v. Kirk, 81 Iowa, 658, 47 N. W. 906; Derby v. Gallup, 5 Minn. 119, Gil. 85; Shaw v. Robertson, 12 Minn. 445, Gil. 334; Groff v. Ramsey, 19 Minn. 44, Gil. 24; Burt v. McKinstry, 4 Minn. 204, Gil. 146, 77 Am. Dec. 507; Buckingham v. Taylor, 74 Mich. 101, 41 N. W. 868; Fay v. Rankin, 47 Wis. 400, 2 N. W. 562.

The sale by Christ Klink to Christine Klink was good, except as to the creditors of Christ Klink at the time of the transfer. Bartlett v. Cheesebrough, 32 Neb. 339, 49 N. W. 360; Paxton v. Morovek, 31 Neb. 305, 47 N. W. 919; Oberfelder v. Kavanaugh, 21 Neb. 483, 32

N. W. 295; Williams v. McGrade, 13 Minn. 46, Gil. 39; Homberger v. Brandenberg, 35 Minn. 401, 29 N. W. 123; James v. Van Duyn, 45 Wis. 512.

The execution creditors were not creditors of Christ Klink within the meaning of the statute at the time of the transfer. Soly_ v. Aasen, 10 N. D. 108, 86 N. W. 108; Schaible v. Ardner, 98 Mich. 70, 56 N. W. 1105; Day v. Lown, 51 Iowa, 364, 1 N. W. 786; Petree v. Brotherton, 133 Ind. 692, 32 N. E. 300; Bongard v. Block, 81 Ill. 186, 25 Am. Rep. 276; Pierstoff v. Jorges, 86 Wis. 128, 39 Am. St. Rep. 881, 56 N. W. 735.

The evidence of an outside disinterested party as to declarations should be admitted. Comp. Laws 1913, § 7871; Regan v. Jones, 14 N. D. 591, 105 N. W. 613.

*Winterer & Ritchie,* for respondent.

In conversion or replevin cases it is the settled rule that defendant may offer proof of any fact or circumstance which tends to establish the conclusion that plaintiff is not the owner of or entitled to the possession of the property in question, and this is true under a general denial.

The burden is always upon the plaintiff in such cases to establish the cause of action set out in the complaint. Plano Mfg. Co. v. Daley, 6 N. D. 330, 70 N. W. 277; O. S. Paulson Mercantile Co. v. Seaver, 8 N. D. 215, 77 N. W. 1001.

A transfer of personal property must be accompanied by immediate delivery and continued change of possession, or it will be held void as against creditors. Comp. Laws 1913, § 7221; Conrad v. Smith, 6 N. D. 337, 70 N. W. 815; State v. Minneapolis & N. Elevator Co. 6 N. D. 41, 68 N. W. 81; Morrison v. Oium, 3 N. D. 76, 54 N. W. 288; Rosenbaum v. Hayes, 8 N. D. 461, 79 N. W. 987.

Any evidence which tends to show or does show that defendant does not unlawfully detain the property is admissible. Plano Mfg. Co. v. Daley, 6 N. D. 334, 70 N. W. 277, and cases cited.

ROBINSON, J. The plaintiff appeals from a judgment in favor of defendant and from an order denying a motion for a new trial. The plaintiff sues as the executor of Christine Klink to recover the value of a threshing-machine outfit which was purchased by her son Christ Klink and sold under an execution against his property. The case

39 N. D.—14.

presented only a simple question of fact on which the jury found a verdict against the plaintiff. The verdict is clearly right and it is well sustained by the evidence.

. Under a judgment and execution against Christ Klink, the sheriff duly levied on and sold the threshing outfit as his property. The claim of the plaintiff is that, long prior to the judgment and execution, Christ Klink sold the outfit to his aged mother for $2,400, giving her a bill of sale, and that she paid him in cash, currency, and silver between $800 and $900 and gave up his past due paper amounting to $1,500.

.. The story is highly improbable. The mother was a woman of sixty-seven years. She knew nothing of threshing machines and she had no possible use for such a machine. She never attempted to use it. Her son was hopelessly in debt and he had no other property subject to execution. The son kept the outfit on his mother's place both before and after the pretended sale, unless when in use or when it was left in the field. Yet there never was an actual and continuous change of possession after the alleged sale. The son continued to use the property the same as before the sale. Hence the alleged sale is presumed to be fraudulent and void (Comp. Laws 1913, § 722) and that presumption is in accord with the testimony. The evidence must be weighed. In regard to the bill of sale the facts and circumstances outweigh the positive testimony of Christ Klink, the judgment debtor. There is no convincing testimony that his mother ever saw or heard of the bill of sale, much less that she paid over to her son such a large amount of currency and silver to apply on the purchase. Aged women are not doing business in that way. They do not buy threshing machines. When a distressed creditor makes a bill of sale to his wife or mother, it is most invariably made for the secret purpose, which is very obvious, the purpose of hindering, delaying and defrauding creditors, and that purpose is well shown by the testimony showing the declaration of Christ Klink, to the effect that he owned the threshing outfit though he was not supposed to own it.

The judgment is right, and it is affirmed.

GRACE, J. I concur in the result.